**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MARSHALL KING, #B-57902,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-cv-00532-MJR** |
| | ) | |
| **DONALD GAETZ,** | ) | |
| **C/O LAWRENCE,** | ) | |
| **and C/O HARRIS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Marshall King, an inmate who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this action pursuant to 42 U.S.C. § 1983 against three Pinckneyville officials, including C/O Harris, C/O Lawrence, and Warden Gaetz (Doc. 1). Plaintiff sues Defendants Harris and Lawrence for subjecting him to unconstitutional conditions of confinement at Pinckneyville from 2011-14, in violation of the Eighth Amendment (Doc. 1, pp. 22-24). He sues Defendant Gaetz for violating his right to due process of law under the Fourteenth Amendment in connection with a disciplinary hearing in May 2012 (Doc. 1, pp. 20-21). Plaintiff seeks declaratory judgment and monetary damages (Doc. 1, p. 25).

**The Complaint**

Plaintiff raises two claims in the complaint. The first arises under the Eighth Amendment. Plaintiff sues Defendants Harris and Lawrence for subjecting him to unconstitutional conditions of confinement that date back to June 4, 2011 (Doc. 1, p. 22). Plaintiff was placed in a cell with "absolutely deplorable" conditions. It "had debris littered throughout with dried [s]aliva and semen on the walls" (Doc. 1, p. 24). Plaintiff is confined

1

there twenty-two hours per day. He describes himself as being surrounded by the "toxic stench and decay of urine and fecies" (Doc. 1, p. 22). The vents are covered with dust that has damaged his respiratory system, causing him to develop an "unfamiliar" cough and allergies. Insects have infested his cell and bitten him. His body is now scarred from scratching the bites. There has also been an outbreak of staph infections, Methicillin-resistant Staphylococcus aureus (MRSA), and scabies during his confinement at Pinckneyville (Doc. 1, p. 23).

Plaintiff has regularly requested cleaning supplies and a new cell (Doc. 1, pp. 22-23). Defendants Harris and Lawrence routinely deny his requests. The cleaning supplies are allegedly reserved for use in areas of the prison frequented by guards (Doc. 1, p. 23). Although his vents have been vacuumed and his cell sprayed for pests once, the problems in Plaintiff's cell persist.

Plaintiff's second claim arises under the Due Process Clause of the Fourteenth Amendment. Plaintiff alleges that he was erroneously issued a disciplinary ticket for possession of contraband on May 27, 2012, after a hotpot with frayed wires was discovered in his cell (Doc. 1, pp. 20-21). The hotpot allegedly belonged to Plaintiff's cellmate. An unfair disciplinary hearing followed, led by an adjustment committee composed exclusively of security staff members who found Plaintiff guilty without investigating Plaintiff's claims of innocence. Plaintiff now sues Defendant Gaetz for violating his Fourteenth Amendment due process rights by failing to place a non-security staff member on the adjustment committee.

## Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is

required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."  *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

After carefully reviewing the allegations, the Court finds that the complaint articulates a colorable Eighth Amendment claim for unconstitutional conditions of confinement (**Count 1**) against Defendants Harris and Lawrence.  The Eighth Amendment prohibits cruel and unusual punishment and is applicable to the states through the Fourteenth Amendment.  It has

been a means of improving prison conditions that were constitutionally unacceptable.  *See, e.g.,*
*Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th
Cir. 1994).  Jail officials violate the Eighth Amendment when they show deliberate indifference
to adverse conditions that deny "the minimal civilized measure of life's necessities," including
"adequate sanitation and personal hygiene items."  *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir.
2013) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation omitted); *Rice ex rel. Rice
v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012); *Gillis v. Litscher*, 468 F.3d 488 (7th Cir.
2006); *Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007)).  "[C]onditions of confinement,
even if not individually serious enough to work constitutional violations, may violate the
Constitution in combination when they have a 'mutually enforcing effect that produces the
deprivation of a single, identifiable human need.'"  *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 304
(1991); *Gillis*, 468 F.3d at 493; *Murphy v. Walker*, 51 F.3d 714, 721 (7th Cir. 1995)).  In this
case, Plaintiff has identified numerous conditions, including an unclean cell, insects, a lack of
access to cleaning supplies, and disease outbreaks, that support his Eighth Amendment claim.
*See Thomas v. Illinois*, 697 F.3d 612, 614-15 (7th Cir. 2012) (depending on the severity,
duration, nature of risk, and susceptibility of the inmate, prison conditions may violate the Eighth
Amendment if they caused either physical, psychological, or probabilistic harm).  Accordingly,
Plaintiff shall be allowed to proceed with **Count 1** against Defendants Lawrence and Harris at
this stage.

However, his Fourteenth Amendment due process claim (**Count 2**) against
Defendant Gaetz shall be dismissed.  Allegations of false disciplinary reports do not state a
claim where due process is afforded.  *Hadley v. Peters*, 841 F. Supp. 850, 856 (C.D. Ill. 1994),
aff'd, 70 F.3d 117 (7th Cir. 1995) (citing *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir.

4

1984)).  The Seventh Circuit Court of Appeals has reasoned that the due process safeguards associated with prison disciplinary proceedings are sufficient to guard against potential abuses. *Id.*  An inmate facing disciplinary charges is entitled to: (1) receive advance written notice of the charges against him; (2) appear in person before an impartial hearing body to contest the charges; (3) call witnesses and present documentary evidence in his defense (subject to the discretion of correctional officials); and (4) receive a written statement of the reasons for the disciplinary action taken.  *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988).

Not only must the requirements of *Wolff* be satisfied, but the decision of the disciplinary hearing board must be supported by "some evidence."  *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994).  To determine whether this standard has been met, courts must determine whether the decision of the hearing board has some factual basis.  *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000).  Even a meager amount of supporting evidence is sufficient to satisfy this inquiry.  *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007).

Plaintiff received all of the procedural safeguards that are mandated by the Constitution.  The complaint calls into question only one, i.e., the right to appear in person before an impartial hearing body (Doc. 1, pp. 20-21).  Plaintiff alleges that the hearing body was not impartial because it was composed entirely of security staff members.  According to DR § 504.70: "The Chief Administrative Officer shall appoint the Adjustment Committee, which shall be composed of at least 2 members.  For adult offenders, the Adjustment Committee shall include . . . **[t]o the extent possible**, a person representing the counseling staff; and . . . [a]t least one minority staff member."  *See* Ill. Admin. Code, tit. 20, § 504.70(a) (emphasis added). Plaintiff quotes this regulation in the complaint.  However, regulations set forth guidelines for

5

staff, not for inmates, and they do not give rise to a protectable liberty interest under the Constitution.  *See Russ v. Young*, 895 F.2d 1149, 1152-54 (7th Cir. 1990).  Further, the very language of the regulation makes it clear that the appointment of a non-security staff member is not mandatory, but rather recommended.  Accordingly, **Count 2** against Defendant Gaetz shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**Pending Motions**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to **United States Magistrate Judge Stephen C. Williams** for further consideration.

Plaintiff's motion for service of process at government expense is hereby **GRANTED, in part,** as to Defendants **HARRIS** and **LAWRENCE**, and **DENIED, in part,** as to Defendant **GAETZ**.

**Disposition**

IT IS HEREBY ORDERED that **COUNT 2** is **DISMISSED** without prejudice from this action for failure to state a claim upon which relief can be granted.  Defendant **GAETZ** is dismissed from this action without prejudice.

As to **COUNT 1**, the Clerk of Court shall prepare for Defendants **HARRIS** and **LAWRENCE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of

Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3).

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs,

7

notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED: June 5, 2014

s/ MICHAEL J. REAGAN
U.S. District Judge